## APPEAL OF PLEASANT VALLEY RANCH CO.

Docket No. 1315. Submitted May 26, 1925. Decided July 14, 1925.

*F. P. Greene, Esq.*, for the taxpayer.
*W. Frank Gibbs, Esq.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

The taxpayer appeals from a deficiency in tax for the year 1918 in the sum of $440.74, and alleges error on the part of the Commissioner in disallowing the difference between the opening and closing inventories for that year.

### FINDINGS OF FACT.

The taxpayer is a Montana corporation, with its principal office in Spokane, Washington, and is engaged in the business of operating a ranch. On January 1, 1918, it had 969 cattle on hand which it inventoried at $65,715, such inventory value being based upon the market price of such cattle. In the spring of 1918 it sold 297 of these cattle and later sold other smaller lots. At the close of the year 1918 it had on hand 549 cattle which it inventoried at $24,450, based upon market price. There were also included in the inventories of the taxpayer at the beginning and closing of the year certain registered stock and horses, but no testimony was offered to substantiate the taxpayer's inventory with respect to this stock.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

PHILLIPS: This is one of the many cases coming before this Board where it is necessary to approve the determination of the Commissioner, not because it appears that such determination is correct, but because of the failure of the taxpayer or his counsel to support his contentions by proof. In filing its income-tax return the taxpayer claimed a closing inventory of $40,065 less than its opening inventory for the year 1918. The Commissioner disallowed such decrease and valued the inventory at the close of the year at the same figure as at the beginning of the year. The taxpayer in his petition alleged that in doing so the Commissioner committed error. Upon the hearing counsel for the taxpayer rested his case after proving a decrease of 420 head of cattle during the year. The Commissioner introduced no evidence and rested. It was explained to counsel for the taxpayer that this Board had before it none of the records

of the Bureau of Internal Revenue and only such evidence as had been adduced before it, and counsel for the taxpayer was thereupon given permission to reopen his case for the purpose of proving the inventory values. Counsel availed himself of this opportunity only to the extent of proving a part of the inventory. The law imposes upon this Board the duty of making written findings of fact and it is impossible to find facts in the absence of evidence.

The burden of proof is upon the taxpayer, and in the absence of proof that the determination of the Commissioner was incorrect, his determination must be approved.